Richard Eugene ALMAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 51925.

Court of Criminal Appeals of Texas.

May 12, 1976.
Rehearing Denied June 30, 1976.

---

Everett Lord, Beaumont, for appellant.

Thomas L. Hanna, Dist. Atty., Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of indecent exposure to a child under Article 535c of the former Penal Code. The indictment, returned in 1973, alleged two prior felony convictions for enhancement. See Article 63, Vernon's Ann. P. C., 1925. At the time of trial in 1975 the appellant entered a plea of guilty before the court and elected to be punished under the new Penal Code.

At the hearing on the guilty plea appellant's written judicial confession was introduced. While the State did not formally waive the first prior conviction alleged for enhancement, it offered proof only of the second prior conviction alleged—a Louisiana conviction for "attempted aggravated crime against nature." The appellant then took the stand and admitted he had been convicted in Louisiana as alleged. The court assessed the punishment at twenty (20) years.

On appeal for the first time appellant complains that the evidence is insufficient to show that the Louisiana conviction was for a felony so that it could be properly used for enhancement of punishment.

State's Exhibit # 1 was admitted into evidence without objection. Such exhibit, a so-called pen packet from the Louisiana State Penitentiary, properly certified, contained a photograph and fingerprints, as

well as a judgment and sentence showing appellant had been convicted of attempted aggravated crime against nature in violation of "Revised Statute 14:24 and 14:89.1" of Louisiana and had been sentenced in Cause No. 68,586 of the 14th Judicial District to serve seven and one-half years in the Louisiana State Penitentiary. In his own testimony appellant admitted he had been convicted in said Cause No. 68,586 and served his time in the penitentiary at Angola, Louisiana.

■ In his ground of error appellant relied heavily upon the record on appeal as originally approved which contained only appellant's testimony and not State's Exhibit # 1. He contends his testimony is not clear as to which conviction reference was had and thus his testimony standing alone did not show a felony conviction. However, upon the court's order, State's Exhibit # 1 was made a part of the record after appellant's brief had been filed in the trial court. Appellant sought to have such order set aside, but was overruled. Such action was proper. See *Guzman v. State*, 521 S.W.2d 267 (Tex.Cr.App.1975). See and cf. Article 40.09, Sec. 15, Vernon's Ann.C.C.P. Further, "felony" is defined in V.T.C.A. Penal Code, Sec. 1.07(a)(14), to mean "an offense so designated by law or punishable by death or confinement in a penitentiary." A "misdemeanor" is defined in V.T.C.A. Penal Code, Sec. 1.07(a)(21), to mean "an offense so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail." In absence of any showing to the contrary, it is assumed the laws of another State are the same as Texas. *Ex parte Burns*, 507 S.W.2d 777 (Tex. Cr.App.1974); *Ex parte Wilson*, 437 S.W.2d 569 (Tex.Cr.App.1968); *Ex parte Ivy*, 419 S.W.2d 862 (Tex.Cr.App.1967); *Ex parte Drennan*, 417 S.W.2d 177 (Tex.Cr.App.1967).

Appellant's initial contention is overruled.

Next, appellant contends there is no finding by the court that appellant had been convicted of a prior conviction.

■ After the appellant elected to be punished under the new Penal Code, the court admonished the appellant that the old Code offense with which he was charged (the primary offense) carried a penalty as a third degree felony under the new Penal Code (see V.T.C.A. Penal Code, Sec. 21.11); that such punishment could be for not less than two nor more than 10 years, and there may also be a fine not to exceed $5,000.00. The court further explained that if upon conviction for a third degree felony it was shown that there was a prior felony conviction as alleged then the punishment assessed would be that for a second degree felony [V.T.C.A. Penal Code, Sec. 12.42(a)] and punishment would be from two to 20 years and by a possible fine up to $10,000.00 (V.T.C.A. Penal Code, Sec. 12.33). The court also admonished the appellant as to punishment that would result if the two prior convictions as alleged were proved.

After the evidence of the prior Louisiana conviction was offered, the court in finding the appellant guilty stated:

"The Court has before it a recommendation which results from plea bargaining between you and your attorney and the State wherein it is recommended that your punishment be set at twenty years. The Court is going to follow such recommendation and the Court does now at this time assess your punishment as confinement in the Texas Department of Corrections for a term of twenty years."

The formal sentence imposed reflects that the punishment assessed be not less than two nor more than 20 years.

■ It is true that the court did not make an express finding as it should have as to the prior conviction, but it is obvious from what has been said that the court found from the undisputed evidence that there was a prior conviction and with the agreement of the parties assessed punishment as a second degree felony. The judgment and sentence are accordingly reformed to reflect enhancement of punishment by virtue of a prior conviction. Appellant's contention is overruled.

Lastly, appellant complains the court erred in overruling his motion for new trial

after appellant introduced evidence he was incompetent at the time of his guilty plea.

At the hearing on the motion for new trial appellant testified he had previously been committed to two mental institutions, one in Texas in 1967 and one in Louisiana "in the sixties." No records were introduced and it was not clear from appellant's testimony the basis for such commitments. Appellant admitted he had not called the commitments to his counsel's attention before trial even though he and his counsel had discussed consulting a psychiatrist prior to the guilty plea. It was appellant's testimony that at the time of the guilty plea he was upset, disturbed and "awful nervous," and that he was hard of hearing and didn't understand everything that was going on and unable to assist counsel. He acknowledged that he recalled his counsel talking with him about the State's recommendation and his counsel's advice that without defense witnesses and two prior convictions alleged the punishment could be life imprisonment. It is observed that the trial court carefully inquired as to the matter of competency at the time of the guilty plea and was assured there was no question of competency. The court was also able to observe appellant's manner and demeanor. Appellant testified both at the time of the guilty plea and on the hearing on the motion for new trial, and he was lucid and did not indicate any hearing difficulty.

Previous institutionalizing does not in and of itself require a finding that a defendant is mentally incompetent. *Bledsoe v. State*, 519 S.W.2d 646 (Tex.Cr.App.1975).

We find no merit in appellant's contention the court erred in overruling his motion for new trial.

As reformed, the judgment is affirmed.[1]

1. A copy of this opinion shall be delivered to the Texas Department of Corrections.