In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana




______________________________




No. 06-02 -00069 -CR


______________________________






ERNEST SPARKS, Appellant




V.




THE STATE OF TEXAS, Appellee





 



On Appeal from the 338th Judicial District Court


Harris County, Texas


Trial Court No. 875454





 







Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter




O P I N I O N




 Ernest Sparks appeals from his conviction on his plea of guilty to the offense of robbery. Pursuant to an agreement with the
State, at the time of his guilty plea two other charges were dismissed, and this charge was reduced from aggravated robbery
to robbery. The State made no recommendation on punishment.

 Sparks contends on appeal the trial court erred by overruling his motion for new trial because the verdict was contrary to
the law and evidence. He also contends he received ineffective assistance of counsel when trial counsel failed to file a
motion for community supervision in his pleas of guilty and yet argued for deferred adjudication at the punishment hearing.

 Sparks pled guilty in this case to a charge of robbery. The State did not make a recommendation of punishment, but
agreed to dismiss two charges and reduce this charge from aggravated robbery to robbery in return for the plea. The terms
of the agreement were set out in detail at the plea proceeding. Sparks' conviction was enhanced by two prior felony
convictions. The trial court reviewed a presentence investigation (PSI) report and sentenced Sparks to forty-five years'
imprisonment. 

 Sparks contends the trial court erred by sentencing him to forty-five years' imprisonment without making an affirmative
finding that he had twice been previously convicted of a felony offense. He argues that, in the absence of that finding, there
was no effective enhancement and the punishment assessed was outside the range permitted for the offense. He signed a
judicial confession that included the two enhancements, but argues that, in the absence of an express finding by the trial
court, the judgment is void because it is outside the permissible range of punishment for a second-degree felony without
enhancements. 

 Sparks originally was charged in four indictments. The State agreed to dismiss two of them and reduce this case (87454)
from aggravated robbery to robbery. Additionally, he was indicted for robbery in case number 875877. Each of these
indictments was enhanced by two prior convictions.

 The trial court admonished Sparks on both cases. Sparks was properly admonished as to the range of punishment with two
enhancement paragraphs. He also signed a judicial confession admitting the underlying offenses and the enhancement
convictions.

 The trial court asked Sparks in open court if he pled true or not true to the first enhancement, and he entered a plea of true. 
At that point, an interruption occurred concerning the proper date of the indictment in cause number 875877. After that
was addressed, the trial court, believing Sparks had pled true to both enhancement paragraphs, proceeded without Sparks
formally entering a plea as to the second enhancement. The trial court did not explicitly find that the enhancements were
true. Additionally, the judgment did not reflect a plea to the enhanced paragraph. At the hearing on Sparks' motion for new
trial, the trial court stated that the judgment omitting the enhancement paragraph was a clerical mistake. 

 After accepting the guilty plea, the trial court ordered a PSI report and set a sentencing hearing. At the sentencing hearing,
the State offered the PSI report into evidence without objection. The report documents that Sparks had been convicted of
unauthorized use of a motor vehicle in 1989 and theft in 1994, and was sentenced to the Institutional Division in each case. 
These appear to be the same offenses alleged in the enhancement paragraphs of both indictments. The report also
documented several other convictions. At the conclusion of the sentencing hearing, the trial court sentenced Sparks to
forty-five years in the Institutional Division.

 In Almand v. State, 536 S.W.2d 377 (Tex. Crim. App. 1976), the defendant pled guilty and a punishment hearing was
conducted. The State introduced a prior conviction. However, the trial court did not explicitly find the prior conviction
true. The Texas Court of Criminal Appeals held that the defendant was properly admonished and admitted the conviction
during cross-examination. Further, it was obvious the trial court found from undisputed evidence there was a prior
conviction. The judgment was therefore reformed.

 Sparks relies on Turk v. State, 867 S.W.2d 883 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). In that case, the Houston
court remanded for a new trial on punishment because, although the judgment recited a finding of true to the enhancement
paragraph, no fact-finder ever found the enhancement paragraph true. A major distinction in that case is the defendant pled
"not true" to the enhancement allegation in question. 

 The facts of this case are more similar to Almand than Turk. Here, Sparks admitted the enhancement convictions by
judicial confession. He was properly admonished as to the range of punishment with the enhancements. We find it proper
to reform the judgment to reflect enhancement of punishment by virtue of two prior convictions. See Almand, 536 S.W.2d
at 379.

 An appellate court has the power to correct and reform a trial court's judgment to make the record speak the truth when it
has the necessary data and information to do so. Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.-Houston [1st Dist.] 2001,
no pet.) (citing Asberry v. State, 813 S.W.2d 526, 529-31 (Tex. App.-Dallas 1991, pet. ref'd) (reforming clerical error in
judgment)); see alsoTex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26 (Tex. Crim. App. 1993) (acknowledging an
appellate court's ability to reform a judgment resulting from a clerical error); French v. State, 830 S.W.2d 607, 609 (Tex.
Crim. App. 1992) (adopting Asberry's reasoning). In this case, we have the necessary information to allow us to correct the
judgment. 

 Accordingly, we reform the judgment to reflect that the allegations contained in the two enhancement paragraphs are true. 

 Sparks next contends he received ineffective assistance of counsel as shown by his attorney's failure to file a motion
seeking community supervision. The standard of testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986). To prevail on this claim, an appellant must prove by a preponderance of the evidence (1) that
counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 671; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet
this burden, the appellant must prove that the attorney's representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been
different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a claimant must prove counsel's
representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having
produced a just result. Strickland, 466 U.S. at 686. 

 Our review of counsel's representation is highly deferential. We indulge a strong presumption that counsel's conduct falls
within a wide range of reasonable representation. Id. at 689;Tong, 707 S.W.2d at 712. 

 In this case, the trial court conducted a hearing on Sparks' motion for new trial. At that hearing, he was offered the
opportunity to make a record about the alleged ineffectiveness of counsel, but declined. 

 The State argues Sparks waived that claim because the trial court asked counsel if he wanted to abandon the claim only for
the hearing or if he was abandoning the claim on appeal, and the response was, "Or on appeal, yes, because this would be
our point to make a record on that for appeal, and we're not."

 The State attempts to bring this under the umbrella of cases approving a complete waiver of appeal, citing Blanco and
other similar cases as authority. (1)

 Those cases are not connected with a waiver of the ability to bring specific arguments on appeal, but waiver of the right to
appeal entirely. Those cases are not directly applicable to this situation, and we are unwilling at this time to accept that
position as correct. Accordingly, we will address the argument on its merits.

 Sparks argues that, because no motion for community supervision was filed, his counsel was ineffective. It does appear
Sparks was eligible for court-ordered deferred adjudication or community supervision. See Tex. Code Crim. Proc. Ann.
art. 42.12, §§ 3(a), 5(a) (Vernon Supp. 2003). Sparks' argument, however, presupposes a motion was necessary. The Texas
Code of Criminal Procedure does not require such a motion. (2) Diaz v. State, 905 S.W.2d 302, 305 n.6 (Tex. App.-Corpus
Christi 1995, no pet.).

 We cannot conclude counsel was ineffective for failing to do something he was not required to do. This contention of
error is overruled.

 The judgment, as reformed, is affirmed.





 Jack Carter

 Justice



Date Submitted: February 19, 2003

Date Decided: March 10, 2003



Do Not Publish

1. Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App. 2000).

2. This differs from jury-recommended community supervision, which requires the filing of such a motion. Tex. Code
Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp. 2003).