Opinion issued July 3, 2008








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00830-CR

__________


PAMELA DIANA WILBURN A/K/A SUSAN BROUSSARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 692000






MEMORANDUM OPINION

 Appellant, Pamela Diana Wilburn, also known as Susan Broussard, pleaded
guilty to the felony offense of theft. (1) After appellant signed a judicial confession
stating that she had a prior felony theft conviction, the trial court assessed her
punishment at confinement for 20 years and a $10,000 fine. In a single point of error,
appellant contends that the "sentence imposed is illegal because it is outside the
penalty range for the offense for which she was convicted." 

 We modify the judgment of the trial court, and affirm as modified.

Factual and Procedural Background

 On April 21, 1995, a Harris County grand jury issued a true bill of indictment
against appellant, accusing her of committing the felony offense of theft. The State
alleged that appellant, on November 19, 1993, had committed two thefts "pursuant
to one scheme and continuing course of conduct and [that] the total value of the
[stolen] property was over [$750] and under [$20,000]." (2) 

 On May 2, 2007, the State filed a "Notice of Enhancement," which set forth
three enhancement paragraphs, alleging that, before the commission of the charged
offense, appellant had committed three separate felony theft offenses on June 28,
1983, November 20, 1984, and July 3, 1991. 

 On June 27, 2007, appellant signed a "Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession" (the "judicial confession"), stating
that she was entering her plea of guilty and waiving her right to trial by jury. 
Appellant acknowledged that it was alleged that she had committed thefts in
November 1993 pursuant "to one scheme and continuing course of conduct" and that
the total value of the property stolen was over $750 and under $20,000. Appellant
further acknowledged that before the commission of the instant offense, she had been
convicted of felony thefts on June 28, 1983, as alleged in the first enhancement
paragraph in the State's Notice of Enhancement, and on November 20, 1984, as
alleged in the second enhancement paragraph in the State's Notice of Enhancement. 
The judicial confession does not reference the third prior felony theft conviction as
alleged in the third enhancement paragraph in the State's Notice of Enhancement. 
The judicial confession also contained a handwritten notation that the "State
abandons [the] second and third paragraph[s] from 'State's Notice of Enhancement.'" 
Appellant further stated, 

 I understand the above allegations and I confess that they are true
and that the acts alleged above were acts committed on November 19,
1993.


 In open court I consent to the oral and written stipulation of
evidence in this case and to the introduction of affidavits, written
statements of witnesses, and other documentary evidence. I am satisfied
that the attorney representing me today in the court has properly
represented me and I have fully discussed this case with him.


 I intend to enter a plea of guilty without an agreed
recommendation--PSI in exchange for the State's abandonment of the
second and third paragraphs of "State's Notice of Enhancement" and
I agree to that recommendation.


(Emphasis added). Appellant signed the judicial confession.

 Also, on June 22, 2007, appellant signed a document entitled "Written Plea
Admonishments." These admonishments provided, 

Pursuant to article 26.13 of the Code of Criminal Procedure, the Court
admonishes you the Defendant in writing as follows. Place your initials
by each item only if you fully understand it. . . . You are charged with
the offense shown above, and you are subject to the following range of
punishment: . . . SECOND DEGREE FELONY RANGE: a term of not
more than 20 years or less than 2 years confinement in the Institutional
Division of the Texas Department of Criminal Justice and, in addition,
a possible fine not to exceed $10,000.

 

Appellant initialed next to this punishment range for a second-degree felony. (3) 

 On August 22, 2007, the trial court signed its judgment, in which it stated that
appellant had been convicted of the third-degree felony offense of theft by check
between $750 and $20,000 that had occurred in November 1993. It further stated that
appellant had pleaded guilty to the charged offense, and in a section entitled "terms
of plea bargain," the judgment stated "PSI Hearing-20 years TDCJ State abandons
second and third enhancement paragraphs." The trial court sentenced appellant to 20
years confinement and a $10,000 fine, thus indicating that the trial court had found
true the allegation concerning appellant's prior felony theft conviction. However, in
the sections of the judgment where the trial court was to indicate appellant's "plea to
the 1st enhancement paragraph," as well as its "finding to the 1st enhancement
paragraph," the trial court marked "N/A." 

Sentence

 In a single point of error, appellant argues that the "sentence imposed is illegal
because it is outside the penalty range for the offense for which she was convicted." 
Appellant asserts that "two of the three enhancement paragraphs were abandoned and
neither a plea nor a finding was made on the remaining [first] enhancement
paragraph." Appellant further asserts that there is no evidence that she was convicted
of the prior felony theft offense and, thus, the maximum prison sentence that the trial
court could have imposed was 10 years. The State responds that appellant entered a
plea of guilty to the charged felony theft offense, enhanced by one prior felony
conviction. 

 The judicial confession signed by appellant establishes that she pleaded true
to the allegation, as set forth in the first enhancement paragraph in the State's Notice
of Enhancement, and that she had a prior felony conviction in 1983. The judicial
confession specifically states that the State abandoned only the allegations set forth
in the second and third enhancement paragraphs of the State's Notice of
Enhancement. Also, the judicial confession omitted any reference to the State
abandoning the allegation in the first enhancement paragraph of the State's Notice of
Enhancement and repeated in the judicial confession. Once appellant provided a
judicial confession that the allegation in the first enhancement paragraph was true, the
State was relieved of its burden to prove the allegation "because a plea of 'true'
constitutes 'evidence and sufficient proof to support the enhancement allegation.'" 
Ford v. State, 243 S.W.3d 112, 117 (Tex. App.--Houston [1st Dist.] 2007, pet. ref'd)
(citing Wilson v. State, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984)). Moreover,
"[b]ecause the enhancement paragraph[] [was] proved, punishment at the enhanced
level was mandatory." Harris v. State, No. 05-02-01728-CR, 2005 WL 639388, at
*1 (Tex. App.--Dallas Mar. 21, 2005, pet. ref'd) (not designated for publication)
(citing Wilson, 671 S.W.2d at 526).

 In regard to appellant's contention that the trial court did not make a finding
concerning the allegation in the first enhancement paragraph, this Court has recently
stated that, "[w]hen [a] trial court alone assesses a defendant's punishment, the court
is not required to read the enhancement paragraphs or the findings to the defendant"
and that, "[a]lthough it is preferred that trial courts read the enhancement paragraphs
orally and find them to be true or not true on the record, a trial court does not err by
not doing so." Seeker v. State, 186 S.W.3d 36, 39 (Tex. App.--Houston [1st Dist.]
2005, pet. ref'd) (citing Garner v. State, 858 S.W.2d 656, 659-60 (Tex. App.--Fort
Worth 1993, pet. ref'd)). 

 Here, appellant provided a judicial confession, admitting to both the instant
offense of felony theft and her prior felony theft conviction in 1983. The trial court
admonished appellant that she was subject to an enhanced punishment range that
would have been invoked only upon a plea and finding of true on appellant's prior
felony theft conviction, and appellant acknowledged that she had been admonished
on this enhanced punishment range. The trial court, in accordance with its
admonishments, then sentenced appellant to confinement for 20 years, which was a
sentence available only upon a finding of true to the enhancement paragraph. 

 Although the trial court did not make a written finding of true in its judgment
as to the enhancement allegation, the record establishes that the trial court impliedly
made such a finding. See Almand v. State, 536 S.W.2d 377, 379 (Tex. Crim. App.
1976) ("It is true that the court did not make an express finding as it should have as
to the prior conviction, but it is obvious from what has been said that the court found
from the undisputed evidence that there was a prior conviction and with the
agreement of the parties assessed punishment as a second-degree felony."); see also
Garner, 858 S.W.2d at 659-60 (noting that trial court had assessed defendant's
punishment at 25 years and that maximum punishment that defendant could have
received without finding on enhancements was 10 years); Harris, 2005 WL 639388,
at *1 (holding that, even though trial court made no oral or written findings on two
prior convictions, punishment imposed by trial court fell within enhanced range and
trial court had implicitly found enhancement paragraphs to be true). 

 Having concluded that appellant pleaded true to the allegation in the first
enhancement paragraph, that appellant had previously been convicted of the felony
offense of theft in 1983, and that the trial court impliedly found the allegation true,
we hold that the sentence imposed by the trial court was not outside the penalty range
for the offense for which appellant was convicted.

 We overrule appellant's sole issue.

 The State asks us to modify the judgment to reflect a finding of true as to the
allegation in the first enhancement paragraph. See Tex. R. App. P. 43.2(b). Again,
having concluded that appellant pleaded true to the allegation that she had previously
been convicted of the felony offense of theft and that the trial court impliedly found
the allegation true, we modify the trial court's judgment to reflect that appellant
pleaded true to the allegation in the first enhancement paragraph and that the trial
court found the allegation true. See Almand, 536 S.W.2d at 380; see also Harris,
2005 WL 639388, at *1 (holding that, because appellant pleaded true to the
enhancement paragraphs and because trial court impliedly found enhancement
paragraphs true, court of appeals had necessary evidence to modify trial court's
judgment of "N/A" on enhancement paragraphs to findings of true on enhancement
paragraphs); White v. State, No. 05-01-01620-CR, 2003 WL 22718787, at *1 (Tex.
App.--Dallas Nov. 19, 2003, no pet.) (not designated for publication) (reforming trial
court's "clearly incorrect" notations of "N/A" in regard to enhancement paragraphs
to show pleas and findings of true to enhancement paragraphs); Sparks v. State, No.
06-02-00069-CR, 2003 WL 943105, at *2 (Tex. App.--Texarkana Mar. 10, 2003, no
pet.) (not designated for publication) (reforming judgment to reflect enhancement of
punishment after concluding that defendant had admitted to enhancement convictions
by judicial confession and that defendant had been properly admonished as to range
of punishment with enhancements). 



Conclusion

 We modify the judgment of the trial court to reflect appellant's plea of true and
the trial court's finding of true as to the allegation in the first enhancement paragraph. 
As modified, we affirm the judgment of the trial court.



 


 Terry Jennings

 Justice




Panel consists of Justices Taft, Jennings, and Hudson. (4)


Do not publish. See Tex. R. App. P. 47.2(b).


1. See Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2007), § 31.09 (Vernon 2003). 
2. Under the applicable penal code sections, a person who committed theft of property
valued at $750 or more but less than $20,000 committed a third-degree felony and
was subject to punishment by confinement for any term between 2 and 10 years and
a fine not to exceed $10,000. See Act of May 23, 1991, 72nd Leg., R.S., ch. 565, §
1, 1991 Tex. Gen. Laws 2003, 2003 (amended 1993) (current version at Tex. Penal
Code Ann. § 31.03 (Vernon Supp. 2007)); Act of May 29, 1989, 71st Leg., R.S., ch.
785, § 4.01, 1989 Tex. Gen. Laws 3471, 3491 (amended 1990) (current version at
Tex. Penal Code Ann. § 12.34 (Vernon 2003)). However, if the person had a prior
felony conviction, she was to "be punished for a second-degree felony," and, thus,
was subject to punishment by confinement for any term between 2 and 20 years and
a fine not to exceed $10,000. See Act of May 24, 1973, 63rd Leg., ch. 399, § 1, 1973
Tex. Gen. Laws 883, 908 (amended 1993) (current version at Tex. Penal Code Ann.
§ 31.03); Act of May 28, 1973, 63rd Leg., R.S., ch. 426, art. 2, 1973 Tex. Gen. Laws
1122, 1125 (amended 1993) (current version at Tex. Penal Code Ann. § 12.33
(Vernon 2003)). 
3. The admonishments also contained a section detailing the punishment range for a
third-degree felony, but appellant did not initial this admonishment. Appellant also
initialed an admonishment whereby she waived her right to have a court reporter
record her proceedings. Thus, we have no reporter's record of the proceedings below.

4. The Honorable J. Harvey Hudson, retired Justice, Fourteenth Court of Appeals,
participating by assignment.