COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CLINTON W. LEWIS, | § | No. 08-09-00052-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080D03814) |
| | § | |

**O P I N I O N**

In two issues on appeal, Appellant alleges that the trial court committed error when sentencing him for aggravated assault with a deadly weapon and by failing to grant his amended motion for new trial. We affirm the trial court's judgments as reformed.

**BACKGROUND**

Appellant was charged by indictment with aggravated kidnapping (Count I), aggravated sexual assault (Count II), and aggravated assault with a deadly weapon (Count III). On October 13, 2008, the State filed a "Notice of Enhancement" in which the State alleged that Appellant had two prior felony convictions which had become final and which it intended to use for the purpose of enhancing Appellant's range of punishment to that of a first-degree felony. Pursuant to a plea agreement, and in exchange for dismissal of the aggravated-sexual-assault charge (Count II), Appellant pleaded guilty in open court to the remaining offenses, Counts I and III, and was sentenced to twenty-five years' confinement.

Appellant timely filed a motion for new trial and amended motion for new trial. The trial court granted Appellant permission to appeal the limited issue of an illegal sentence related to his

conviction for aggravated assault with a deadly weapon (Count III).  The trial court did not grant Appellant permission to appeal any other issues related to Count I or Count III.

## DISCUSSION

In his first issue, Appellant complains that the trial court imposed an illegal sentence in relation to his conviction for aggravated assault with a deadly weapon (Count III).  Specifically, he alleges that the trial court failed to find the enhancement true, and thus, he concludes that he cannot be sentenced beyond 20 years.  For support, Appellant points to the written judgment, which shows that he was convicted of the second-degree offense and that the plea and findings as to the first enhancement paragraph are marked "N/A," rather than "True."  We disagree.

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."  *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003), *citing Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) *and Ex parte Seidel*, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001).  Trial and appellate courts that otherwise have jurisdiction over a criminal conviction have the authority to correct an illegal sentence.  *Id*.

The offense of aggravated assault with a deadly weapon is a second-degree felony, punishable by imprisonment for two to twenty years, and a fine of up to $10,000.  TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2009); TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2003).  The punishment for a second-degree felony may be enhanced to the punishment of a first-degree felony if it is shown that the defendant has been previously convicted of a felony.  TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2009).  The punishment for a first-degree felony is imprisonment for five to ninety-nine years or life, and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2009).

A defendant is entitled to notice of a prior conviction that the State intends to use for

enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Proper notice informs the defendant that the State is seeking a greater penalty than it would seek without the enhancement and serves to allow the defendant to show possible defenses, such as a mistake in identity or that the prior convictions never became final. *Hollins v. State*, 571 S.W.2d 873, 876 (Tex. Crim. App. 1978). A prior conviction may be used to enhance punishment if it is plead in some form but it need not be pleaded in the indictment. *Villescas v. State*, 189 S.W.3d 290, 292 (Tex. Crim. App. 2006), *citing Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

When seeking to enhance punishment, it is the State's burden to show that the prior conviction was final under the law and that Appellant was the person previously convicted of that offense. *Ex parte Augusta*, 639 S.W.2d 481, 484 (Tex. Crim. App. 1982); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). However, when a defendant pleads "true" or "guilty" to the enhancement allegations, he removes from the State its burden to prove what it alleged. *Ex parte Sewell*, 742 S.W.2d 393, 396 (Tex. Crim. App. 1987); *Harvey*, 611 S.W.2d at 111; *Dinn v. State*, 570 S.W.2d 910, 915 (Tex. Crim. App. 1978) (when a defendant pleads "true" to the enhancement paragraph, the State's burden of proof is satisfied as the plea of "true" is sufficient proof). When enhancement paragraphs are proven, punishment at the enhanced level is mandatory. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984).

When the trial court alone assesses a defendant's punishment, the court is not required to read the enhancement paragraphs or the findings to the defendant. *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.–Fort Worth 1993, pet. ref'd), *citing Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd). When a conflict exists between the oral pronouncement of a sentence and the sentence in a written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App.

2004).

Here, Appellant executed a written document titled, "Court's Notice to Defendant of Rights, Written Admonishments, Waiver of Rights, Judicial Confession, and Plea Agreement." Within that document, under the heading, "Range of Punishment," is written:

> You are pleading guilty to the offense of Aggravated Kidnapping CT I PARAGRAPH B[,] Aggravated Assault with Deadly Weapon CT III.
>
> (1) This offense is a 1st DEGREE FELONY punishable as a 1st DEGREE FELONY by confinement in the Texas Department of Criminal Justice, Institutional Division for a term of not more than 99/life years or less than 5 years and a fine not to exceed ten thousand dollars ($10,000.00).

Under the heading, "Acknowledgment and Waivers," is written:

> I, the Defendant in this case, do hereby in open court plead guilty to the offense set out in the indictment or information filed by the State in this cause, and plead true to any paragraphs alleged for enhancement of punishment.

Under the heading, "Judicial Confession," is written:

> I, the undersigned defendant in this case, do now hereby, in open Court, admit all of the allegations in the indictment or information now pending in this cause including any all [sic] paragraphs alleged for the purpose of enhancing punishment, and confess that I committed the offense as charged in the indictment or information, as well as all lesser included offenses arising out of the same criminal episode and admit the truth of any and all paragraphs alleged for purposes of enhancing punishment.

Each of these recitations is followed by the statement, "I, the undersigned defendant, acknowledge I have read this page and understand its content" and is thereafter signed by Appellant. Also contained in the plea papers, under the heading, "State's Recommendation to the Court," is written: "The State would recommend that the Defendant be sentenced to 25 years TDC."

During the plea proceedings, the trial court showed Appellant the plea papers. Appellant informed the trial court that he had read and understood the plea papers, and that he had signed his name to the plea papers. As requested by the trial court, the State recited the terms of the plea

agreement and stated, "Your Honor, the plea agreement -- in exchange for a dismissal of Count II and abandoning of Paragraph A in Count I -- is 25 years to serve in the Institutional Division of the Texas Department of Criminal Justice." Appellant informed the trial court that the State's recital of the plea agreement reflected his understanding of the terms of the plea agreement. The trial court accepted Appellant's plea and sentenced him in open court to twenty-five years' confinement. No objections were made regarding the length of the sentence.

The facts of this case demonstrate that Appellant pleaded true to the enhancement allegations. Although the trial court did not make a written or oral finding of "True" to the enhancement paragraphs set forth in the State's "Notice of Enhancement," the record shows that the trial court impliedly made such a finding. *See Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976) ("It is true that the court did not make an express finding as it should have as to the prior conviction, but it is obvious from what has been said that the court found from the undisputed evidence that there was a prior conviction and with the agreement of the parties assessed punishment as a second degree felony."); *Garner*, 858 S.W.2d at 659-60 (noting that trial court had assessed the defendant's enhanced punishment at twenty-five years and that the maximum punishment the defendant could have received without enhancement was ten years). Because Appellant pleaded true to the enhancement paragraphs, and because the trial court impliedly found the enhancement allegations to be true, we find that the enhanced first-degree felony sentence imposed by the trial court was not outside the enhanced range of punishment for the second-degree felony conviction of aggravated assault with a deadly weapon, did not constitute an illegal sentence, and was within the mandatory range of punishment. TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2009); TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2009); *Wilson*, 671 S.W.2d at 525. Appellant's first issue is overruled.

In his second issue, Appellant complains that the trial court erred by failing to grant his

motion for new trial and that the trial court should have reformed his first-degree felony sentence for aggravated kidnapping (Count I) to a term of imprisonment within the range of punishment for a second-degree felony. Appellant also complains that the judgments for Count I and Count III should be reformed to reflect that the sentences are to run concurrently.

A defendant may request a new trial no later than thirty days after the date on which the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). A defendant may also file one or more amended motions for new trial within the same thirty-day period for filing the original motion for new trial, without leave of court, as long as the trial court has not overruled any preceding motion for new trial. TEX. R. APP. P. 21.4(b). Restated, a trial court cannot consider an amended motion for new trial that is filed more than 30 days after a defendant's sentence is imposed. *Id.* The defendant must present the motion to the trial court within 10 days of filing it, unless the trial court, in its discretion, permits the motion to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court. TEX. R. APP. P. 21.6. If the trial court does not rule by written order on the motion for new trial within 75 days from the date when the court imposes or suspends sentence in open court, the motion is deemed denied. TEX. R. APP. P. 21.8(a), (b), (c).

Appellant timely filed his original motion for new trial. TEX. R. APP. P. 21.4(a), (b). The original motion for new trial was deemed denied after the trial court failed to rule upon it by written order within 75 days after his sentence was imposed in open court. None of the issues raised by Appellant in his original, timely-filed motion for new trial are presented for our consideration in this appeal.

Appellant subsequently filed his amended motion for new trial more than 30 days after his sentence was imposed in open court. TEX. R. APP. P. 21.4(b). The record does not show that the

trial court granted Appellant leave to file the amended motion for new trial beyond the 30-day, post-sentence period. In his unverified, untimely-filed amended motion for new trial, which was unsupported by affidavit, Appellant asserted that his first-degree felony sentence for his conviction of aggravated kidnapping was illegal because he had voluntarily released the complainant in a safe place and contended that he should have been sentenced within the range of punishment for a second-degree felony. Appellant now attempts to raise these issues on appeal but they were not asserted in his timely-filed, original motion for new trial.

Section 20.04(d) of the Texas Penal Code provides that, at the punishment stage of trial, a defendant may raise the issue of whether he voluntarily released the aggravated-kidnapping victim in a safe place. TEX. PENAL CODE ANN. § 20.04(d) (Vernon 2003). If a defendant proves the issue by a preponderance of the evidence, the aggravated-kidnapping offense becomes a felony of the second-degree, thereby reducing the range of punishment for the offense. *Id*. It is clear from our review of the record that even if Appellant had raised his "safe place" assertion in his timely-filed motion for new trial, the plea agreement did not contemplate a reduction of sentence upon that basis and Appellant did not prove the issue in the affirmative by a preponderance of the evidence at the punishment stage of trial as required by Section 20.04(d). *Id*. Under these facts, we find that Appellant did not timely file his amended motion for new trial, that he did not have leave of court to file his untimely, amended motion for new trial, and that the issues raised in his untimely-filed amended motion for new trial cannot form the basis for his issues on appeal. TEX. R. APP. P. 21.4(b); *Webb v. State*, 109 S.W.3d 580, 581 (Tex. App.–Fort Worth 2003, no pet.) (an untimely-filed amended motion for new trial cannot form the basis for points on appeal), *citing Mercier v. State*, 96 S.W.3d 560, 562 (Tex. App.–Fort Worth 2002, pet. stricken).

In any case, Appellant signed a waiver of his right to appeal. In a plea-bargain case where

a plea of guilty or nolo contendere was entered and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2)(A) & (B). Here, the punishment did not exceed that recommended by the prosecutor or agreed to by Appellant, the issues raised on appeal were not raised in a written motion filed and ruled on by the trial court before trial, and the trial court did not grant Appellant permission to appeal his conviction or sentence in relation to Count I, aggravated kidnapping. Consequently, we lack jurisdiction to consider Appellant's second issue on appeal as it relates to his untimely-filed, amended motion for new trial. *Estrada v. State*, 149 S.W.3d 280, 282, 285 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) (stating, "The simple fact is that the denial of a motion for new trial, regardless of the ground or grounds raised in the motion, is not appealable in a plea-bargained case without the trial court's permission." and noting that, in a plea-bargained case, appeals are limited by the Rules of Appellate Procedure and no exceptions exist for a trial court's refusal to grant permission to appeal, for an adverse ruling on a motion for new trial, or for the voluntariness of waivers.); *Turley v. State*, 242 S.W.3d 178, 180 (Tex. App.–Fort Worth 2007, no pet.) (where trial court did not grant appellant permission to appeal its failure to hold a hearing on appellant's motion for new trial, the appellate court dismissed the appeal without addressing the merits). Appellant's second issue is dismissed for lack of jurisdiction.

### REFORMATION

Finally, we have the authority to reform a trial court's judgment to correct a clerical error. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We also have the authority to modify incorrect judgments where the evidence necessary to correct the judgment appears in the record. *Howell v. State*, 563 S.W.2d 933, 936 (Tex. Crim. App. 1978). As we have

the ability to reform the judgment to correct a clerical mistake, and because the evidence necessary to correct the judgment appears in the record, we reform the trial court's judgment for Count III to show that Appellant pleaded "True" to the allegations in the first and second enhancement paragraphs, and that the trial court found the allegations in the first and second enhancement paragraphs to be "True." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27; *Howell*, 563 S.W.2d at 936; *Almand*, 536 S.W.2d at 380 (reforming judgment and sentence to reflect enhancement of punishment by virtue of prior conviction). As the judgment for Count I suffers from the same fallacy, we further reform that judgment to show that Appellant pleaded "True" to the allegations in the first and second enhancement paragraphs, and that the trial court found the allegations in the first and second enhancement paragraphs to be "True."

Appellant also complains that the judgments for Counts I and III do not show whether his sentences are to run concurrently or consecutively and, instead, are marked with the notation, "N/A." Section 3.03(a) of the Texas Penal Code provides that when an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced and, except as provided by Section 3.03(b), the sentences shall run concurrently. TEX. PENAL CODE ANN. § 3.03(a) (Vernon Supp. 2009). We reform the trial court's judgments in Counts I and III to show that Appellant shall serve those sentences concurrently.

## CONCLUSION

The trial court's judgments are affirmed as reformed.


GUADALUPE RIVERA, Justice

June 16, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)