**Affirmed, Reversed and Remanded, Reform and Affirm and Opinion Filed April 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00598-CR

No. 05-13-00599-CR

No. 05-13-00600-CR

No. 05-13-00601-CR

No. 05-13-00602-CR

**PATRICIA DONALDSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**

**Trial Court Cause Nos. F-10-00433-S, F10-00435-S, F10-00447-S, F10-00448-S,F11-00266-S**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

Appellant was convicted of tampering with a governmental record (three counts), making

a false statement to obtain property and credit, and falsely holding oneself out as a lawyer. In six

issues on appeal, appellant asserts the punishment assessed for two of the convictions is outside

the range for a state jail felony and there is insufficient evidence to support the award of costs.

Appellant also requests that we reform the judgment to reflect the correct statutory reference for

her conviction in cause number 05-13-00602-CR. We reform the judgment in cause 05-13-

00602-CR and as reformed, affirm that judgment. We reverse and remand for a new punishment

hearing in cause nos. 05-13-00598-CR and 05-13-00599-CR. We affirm the judgments in cause nos. 05-13-00600-CR and 05-13-00601-CR.

## BACKGROUND

Appellant was charged in five indictments, waived her right to a jury trial as to each, and entered open pleas of guilty before the court. Her plea in cause number F10-00433-S was for making a false statement to obtain property or credit, greater than or equal to $1,500, but less than $20,000. Her pleas in cause numbers F10-00435-S, F10-00447-S, and F10-00448-S were for tampering with a governmental record. The plea in cause number F11-00266-S was to the charge of falsely holding oneself out as a lawyer.[1] Each indictment was enhanced by the same two prior felony convictions. Appellant's judicial confessions and pleas of true to the enhancement paragraphs were admitted into evidence.

At the sentencing hearing, the State presented testimony from numerous witnesses, including the special agent who investigated appellant's student loan fraud, the officer who arrested appellant and seized a trunk load of documents showing various identities appellant used to perpetrate her schemes, the son of appellant's boyfriend who assisted his father and appellant in obtaining private education loans, associate financial aid directors from two local universities, an investigator who investigated an FHA insured mortgage in which appellant prepared the loan documents, and a woman who hired appellant as her divorce attorney.

At the conclusion of the sentencing hearing, the trial judge acknowledged and "accepted the pleas of guilty and . . . the pleas of true to the enhancement paragraphs in all of the matters before the Court," but later stated that he "decline[d] to make a finding regarding the second enhancement paragraphs." Appellant was subsequently sentenced to five years' imprisonment

---

[1] Only two of these offenses, the false statement case (cause no. F10-00433-S) and one of the tampering with governmental records cases (F10-00435-S) were state jail felonies. The remaining cases were second or third degree felonies.

for one of the tampering with a governmental record charges and for falsely holding oneself out as a lawyer  and was sentenced to ten years' imprisonment on the remaining charges, with all sentences to run concurrently.

## ANALYSIS

*Enhancement*

In her first and second issues, appellant argues the trial court's punishment in the two state jail felony cases (ten years' imprisonment in cause number F10-00433-S—making a false statement) and (five years' imprisonment in cause number F10-00435-S—tampering with a governmental record) is outside the range of punishment for a state jail felony.[2] Appellant's argument is premised on the trial court's failure to make a finding as to the second enhancement paragraph and the fact that proof of only one prior conviction does not enhance a state jail felony to a second degree felony on these facts. As a result, appellant argues the sentences are void and she is entitled to a new punishment hearing.

Both of the crimes at issue here, making a false statement and tampering with a governmental record if the value of the property of the amount or credit is $1500 or more but less than $20,000, are state jail felonies. *See* TEX. PENAL CODE ANN. § 32.32(b), (c)(4) (West 2011); TEX. PENAL CODE ANN. § 37.10(a)(1), (c)(1) (West Supp. 2013). A state jail felony is punishable by confinement in a state jail for not more than two years or less than 180 days and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.35 (a), (b) (West Supp. 2013).

One of the code provisions for enhancing a state jail felony provides for enhancement if the prior offense used for enhancement involved trafficking of persons or continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (West Supp. 2013); TEX. PENAL

---

[2] Appellant does not challenge the sentence for any of the other convictions.

CODE ANN. § 12.425(c) (West Supp. 2013).[3] Appellant correctly asserts that her prior felony convictions did not involve trafficking of persons or continuous sexual abuse of a child, so the enhancement provisions of section 12.35(c)(2)(A) do not apply.

The code also provides for enhancement of a state jail felony upon proof of two prior felony convictions. Specifically, section 12.425(b) provides:

> If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies other than a state jail felony . . . and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

A second degree felony is punishable by a term of imprisonment of not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2011).

Appellant entered a guilty plea to all of the charges and pled true to both enhancement paragraphs in the indictments. These enhancements read:

> And it is further presented to said Court that prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of Credit Card Abuse, in the Criminal District Court No. 5 of Dallas County, Texas, in Cause Number F-9233828, on the 2nd day of July, 1992,

> And that prior to the commission of the offense for which the defendant was convicted as set out above, the defendant was finally convicted of the felony offense of Mail Fraud in the Federal District Court of the Honorable Judge Robert B. Maloney, for the Northern District of Texas, in Cause Number 3:90-Cr-00193-T.

Although the pen packets for both of the enhancement offenses were admitted into evidence, these exhibits have not been included in our record.

---

[3] Appellant incorrectly states that the state jail felony is enhanced to a second degree felony under this section. Under TEX. PENAL CODE ANN. § 12.35(c)(2)(A), the state jail felony is enhanced to a third degree felony.

At the beginning of the sentencing hearing, the trial judge stated:

> This is a continuation of a hearing that started yesterday in which Ms. Donaldson entered a guilty plea to the offenses as alleged in indictments and true to the enhancement paragraphs. The Court found the evidence sufficient to find the enhancement paragraphs true and found the evidence sufficient to find Ms. Donaldson.
>
> Today is the continuation of that hearing to make a determination whether or not a finding of guilty should be made, or whether any finding of guilt should be deferred for a period of years.

Prior to pronouncing the sentences, the trial judge stated:

> What happened is this -- and I needed to make sure and I've got this -- the info on this. In regards to the enhancement paragraphs, I don't know if this counts as two. And the reason I think that the federal time could count as one -- one enhancement paragraph and the -- the State time could count as the other. But the sentences were running together or concurrently. And that's my question -- legal question is going to be is, can sentences that run together count as separate enhancement paragraphs?[4]

The court then made the following pronouncements with regard to the tampering and the false statement cases:

> Each side having rested and closed, the defendant having entered pleas of guilty and pleas of true to the enhancement paragraphs, the Court has accepted the pleas of guilty and -- and the pleas of true to the enhancement paragraphs in all of the matters before the Court.
>
> Cause Number F10-00433, the defendant's found guilty. First enhancement paragraph is found to be true. **The Court makes no finding in Cause Number 390-CR-0193-T.** The defendant is sentenced to 10 years TDC. No fine . . . In Cause Number F10-00435, the defendant's found guilty. The first enhancement paragraph is -- is found to be true. **There's no finding in Cause Number 390-CR-00193-T.** This is the social security card case. In that case, the defendant is sentenced to five years TDC with no fine.

Appellant contends the trial court's failure to make a finding as to the second prior felony conviction (referenced by the trial court as cause number 390-CR-190193-T) demonstrates that the two prior convictions requisite to enhancement have not been established. The State urges the

---

[4] Neither party cites to or describes this critical part of the record in their briefs. Indeed, the State only mentions in passing that the judge "expressed unjustifiable doubt about whether [the] offense" qualified as a previous felony conviction for enhancement purposes.

we should imply that the trial court found the second enhancement paragraph to be true. On this record, we are constrained to conclude that the trial judge, in his own words, clearly did not find the second enhancement paragraph to be true.

For appellant's sentence to be enhanced based on prior convictions, the State had the burden to prove the convictions were final convictions under the law and appellant was the person convicted of these offenses. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). Ordinarily, when a defendant pleads "true" to an enhancement paragraph, the State's burden of proof is satisfied. *Dinn. State*, 570 S.W.2d 910, 915 (Tex. Crim. App. 1978). And when a trial court fails to make a written or oral finding of "true," courts will typically imply that the court made such a finding if it is affirmatively reflected in the record. *See Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976); *Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388, at *2 (Tex. App.—Dallas March 21, 2005, pet. ref'd) (mem. op., not designated for publication).

But here, the record is not silent as to the trial court's findings, and the lack of a finding did not result from inadvertent omission. Although the trial judge may have initially accepted appellant's plea of true to the enhancement paragraphs, the record reflects that the judge later reconsidered. The judge not only expressed reservations about the second enhancement paragraph, but specifically declined to make a finding. This deliberate refusal to find is further supported by the written judgments in which the line entitled "Findings on 2nd Enhancement/Habitual Paragraph" contains the notation "N/A."

In the absence of a finding of true on both of the enhancement paragraphs, the punishment for the state jail felonies was not properly enhanced. *See* TEX. PENAL CODE ANN. § 32.32(b), (c)(4); TEX. PENAL CODE ANN. § 37.10(a)(1), (c)(1); TEX. PENAL CODE ANN. § 12.425

(b)(c). As a result, the five and ten year sentences imposed were outside the range of punishment for a state jail felony. *See* TEX. PENAL CODE ANN. § 12.35 (a), (b).

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see Ex parte Pena,* 71 S.W.3d 336, 337 n.1 (Tex. Crim. App. 2002) ("A void or illegal sentence is one that is not authorized by law."); *Ex parte Seidel,* 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) (explaining that a punishment exceeding the statutory maximum renders the judgment void because it is illegal); *see also Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). Because the trial court's sentence for the state jail felonies is outside the maximum range of punishment, the sentences are illegal. Therefore, we reverse the judgment in cause nos. F10-00433-S (our 05-13-00598-CR) and F10-00435 (our 05-13-00599-CR) and remand these two cases to the trial court for a new punishment hearing.

### *Reformation of the Judgment*

In her third issue, appellant argues the judgment in cause number F11-00266-S should be reformed to reflect the correct penal code section for the offense for which she was convicted. The State agrees that reformation is appropriate.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Appellant was convicted for falsely holding herself out as a lawyer, a violation of TEX. PENAL CODE ANN. § 38.122 (West 2005). The judgment of conviction, however, states that the

statute for the offense is "38.112 Penal Code." The record reflects that this statutory reference is in error. Therefore, we reform the judgment in cause number F11-00266-S to reflect that the statute for the offense is TEX. PENAL CODE ANN. § 38.122.

*Court Costs*

In her fourth, fifth, and sixth issues, appellant contends the evidence is insufficient to support the trial court's assessment of $240 in court costs in cause numbers F10-0047-S and F10-0048-S, and $244 in cause number F11-00266-S because the record does not contain a copy of the bill of costs. After appellant filed her brief, we ordered the District Clerk's office to file a supplemental bill of costs, and the clerk complied. Appellant filed an objection to the supplemental clerk's record.

The record before us now contains a bill of costs. Appellant's complaints have been previously addressed and rejected by this Court and the court of criminal appeals. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4–8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). Appellant's objections and fourth, fifth, and sixth issues are overruled.

**CONCLUSION**

We affirm the trial court's judgments in cause nos. F10-0047-S (our 05-13-00600-CR) and F10-0048-S (our 05-13-00601-CR). We reform the judgment in cause no. F11-00266-S (our 05-13-00602-CR) to reflect that the correct statute for the offense is TEX. PENAL CODE ANN. § 38.122. As reformed, this judgment is affirmed.

We reverse the trial court's judgments in cause nos. F10-00433-S (our 05-13-00598-CR) and F10-00435-S (our 05-13-00599-CR) and remand to the trial court for a new punishment hearing.


Do Not Publish
TEX. R. APP. P. 47
130598F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00598-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-10-00433-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED for a new punishment hearing.**

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00599-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1000435-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED for a new punishment hearing.**

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00600-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-0047-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00601-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-0048-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00602-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-00266-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to reflect that the correct statute for the offense is Tex. Pen. Code 38.122. As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE