

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. PD-0572-14
NO. PD-0573-14

**PATRICIA DONALDSON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

NEWELL, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, JOHNSON, HERVEY, ALCALA, RICHARDSON and YEARY, JJ., joined. KEASLER, J., concurred.

If a defendant pleads true to an enhancement paragraph, can a court of appeals imply a trial court's finding of true regarding that prior conviction used for enhancement when the trial judge, in his own words, refused to make such a finding? No. We consequently reverse.

### Facts

The State charged appellant with one count of making a false statement to obtain

property or credit, three counts of tampering with a governmental record, and one count of falsely holding oneself out as a lawyer. Two of the five counts–the making a false statement to obtain property or credit count, and one of the tampering with a governmental record counts–alleged state-jail felonies. These two counts are the offenses at issue in this appeal. The other three counts–not at issue here–alleged second- or third-degree felonies.

All counts were enhanced by the same two prior felony convictions. The first enhancement paragraph reflected appellant's 1992 state conviction for credit-card abuse (cause number F-9233828). The second reflected her 1990 federal conviction for mail fraud (cause number 3:90-CR-00193-T). Appellant entered an open plea. She judicially confessed to all five counts and pleaded true to both enhancement paragraphs. The trial court found the evidence sufficient to find appellant guilty, but it continued the hearing to the next day "to make a determination whether or not a finding of guilt should be made, or whether any finding of guilt should be deferred for a period of years."[1]

The State's first witness the next day was Agent Wesley Carter of the United States Department of Education. Agent Carter had investigated appellant's student-loan fraud, and he testified about the enhancement paragraphs.

>     Q.    Now, Mr. Carter, regarding the defendant's priors, has she done
>           this–has she done this student loan scheme before in the past?

---

[1] At the outset of the hearing on the second day, the trial judge stated he had previously found the enhancements true, but the record reflects that he merely stated, "based on your pleas of guilt and pleas of true, I find the evidence sufficient to find you guilty. I'm not going to find you guilty, instead we're going to pass this for a determination later that will begin tomorrow morning at ten o'clock."

A.     A similar scheme of student loans, yes.

Q.     And when was this?

A.     She was convicted of mail fraud in 1990. Based on my investigation and my education . . . in the postal inspection service.

Q.     And what did she do?

A.     It was a fraudulent scheme to obtain plus loans, which are loans that can be obtained by a parent for a student to attend school. It was determined in that investigation that she fraudulently obtained plus loans by using other's identity.

Q.     And did she actually obtain this–this money?

A.     I'm not aware.

Q.     And do you remember how much time she received federally for doing this?

A.     I believe it was six months.

Q.     And she was also convicted on the State level; is that correct?

A.     Yes, sir.

Q.     All right. What was she convicted of?

A.     Credit card abuse in 1991, or two.

Q.     And how much time did she get there?

A.     I believe that was four years, but I don't recall an exact amount.

The trial court then called for a break. Back on the record the trial court explained what occurred during the break and expressed doubt about the use of the federal conviction

as an enhancement.

> A ... conversation was had regarding one of the enhancement paragraphs that was used when the–when the witness indicated a six-month sentence, which comes from the Feds may or may not qualify as–as a–a felony under state law, so the question that–yes, she pled true, but it's–in fact, it does not qualify as a–as a felony, which it may not under the federal guidelines, and it may be something where the Court would have to treat it either as a misdemeanor conviction, or perhaps as a state-jail conviction, as being the closest correlation to State law. We're going to see what that may do to the punishment range. The punishment range may change. Ms. Donaldson, it means that the punishment range, it wouldn't go up, it simply means that it may be that the Court admonished you improperly as to the proper punishment range. Again, it's not something that would increase it. It may decrease the punishment range. So that would be to your benefit. But we'll go from there and see, okay?

Agent Carter's testimony was followed by that of the Dallas police detective who arrested appellant and seized a trunk load of documents showing various identities that appellant used to perpetrate her schemes. The trial court also heard from the appellant's boyfriend's college-student son, who unwittingly assisted his father and appellant in obtaining student loans and lines of credit, and a school teacher who hired and paid appellant as her divorce attorney and never got her money back. After a lunch break, the trial court again addressed the federal conviction.

> All right. Back on the record. Over lunch I think everyone looked at–the question is whether or not a boot camp program run by the Feds constitutes being in custody and whether that is a sentence of confinement with the United States Bureau of Prisons. My research shows that it is.

The State and the defense agreed that their research showed the same, and the trial court stated: "Okay. We've got that. We're just trying to make sure that the punishment range in

this case continues to be 25 to life in the event of a–of a conviction."

The State also offered the judgments of appellant's prior convictions in support of the enhancements. State's Exhibits 8 and 9, federal pen packets, revealed that appellant had been sentenced in her mail-fraud case to six months in a federal boot camp program followed by three years of supervised release on November 8, 1990. Appellant filed a notice of appeal on November 16, 1990, and the Fifth Circuit Court of Appeals affirmed the judgment of the district court on September 19, 1991. On January 24, 1992, the district court revoked appellant's supervised release, sentencing her to nine months' imprisonment. State's Exhibit 10, the Texas pen packet, showed that appellant had been convicted of credit-card abuse in July 1992 while she was still serving time on her federal conviction. It also established that appellant had committed the credit-card abuse in December 1991 prior to the revocation of her probation in her federal case.

The State wound up its punishment case with testimony from university financial-aid directors and a mortgage-fraud investigator from the United States Department of Housing. The defense put on a series of character witnesses, and both sides closed. During arguments, the trial court asked numerous questions of the attorneys and, again, expressed ambivalence about finding the second paragraph true–but this time it was because the federal and state time had run concurrently.

> She went–what happened is this–and I needed to make sure and I've got
> this–the info on this. In regards to the enhancement paragraphs, I don't know
> if this counts as two. And the reason I think that the federal time could count

as one–one enhancement paragraph and the–the State time could count as the other. But the sentences were running together or concurrently. And that's my question–legal question is going to be is, can sentences that run together count as separate enhancement paragraphs? Meaning, if you go to prison, to TDC twice for two burglary of a habitation cases, do you–you cannot stack those. That's not two separate trips. In this case, it was every ones' intention that the sentences were done together. On the Federal paperwork and on the State paperwork, the sentences run together. . . . So we'll address that issue in a moment, but I wanted to at least tell–give everyone a preview of that issue, because it's something that matters. So let's–let's find out something on–on that. But I wasn't sure until I looked at it again today.

Ultimately the defense asked for probation; the State asked for 25 years. Then, after a final off-the-record discussion, the judge announced his verdict on the five counts–including the two state-jail felonies at issue in this case as follows (emphasis added):

> In Cause Number F10-00448, the Court finds Ms. Donaldson guilty of the offense of tampering with government records. The Court finds the first enhancement paragraph to be true. Through a lengthy discussion regarding the second enhancement paragraph, the Cause Number 390-CR-00193-T, the Court declines to make a finding in that–in that cause. Court is sentencing Ms. Donaldson to 10 years TDC. No fine.
>
> *Cause Number F10-00433 [making a false statement to obtain property or credit, greater than or equal to $1,500, but less than $20,000] the defendant's found guilty. First enhancement paragraph is found to be true. The Court's makes no finding in Cause Number 390-CR-00193-T. The defendant is sentenced to 10 years TDC. No fine.*
>
> Cause Number F10-00447 [tampering with a government record], defendant is found guilty. The first enhancement paragraph is found to be true. There's no finding on Cause Number 390-CR-00193-T. The defendant is sentenced to 10 years TDC. No fine.
>
> *In Cause Number F10-00435 [tampering with a government record], the defendant's found guilty. The first enhancement paragraph is–is found to be true. There's no finding in Cause Number 390-CR-00193-T. This is the social*

*security card case.  In that case, the defendant is sentenced to five years TDC with no fine.*

And in Cause Number F11-00266, the defendant is found guilty and the first enhancement paragraph is found to be true.  There's no finding in Cause Number 390-CR-00193-T.  This is the falsely holding oneself out as a lawyer.  In that case, the defendant is sentenced to five years TDC.  No fine.

On direct appeal, appellant argued that the trial court's sentences on the two state-jail felonies were illegal because they were outside the maximum range of punishment for a state-jail felony.  Neither appellant nor the State addressed the propriety of using appellant's mail-fraud conviction for enhancement purposes.  The court of appeals initially held that appellant's sentence was illegal.  In its original opinion, the court of appeals rejected the State's request for an implied finding of true on the second enhancement paragraph.  According to the court, the lack of a finding did not result from inadvertent omission.  The trial court expressed reservations about the second enhancement paragraph, specifically declined to make a finding on the record, and noted "N/A" on the judgment "Findings on 2nd Enhancement/Habitual Paragraph."  *Donaldson v. State*, Nos. 05–13–00598/599/600/601/602–CR, 2014 WL 1483584 (Tex. App.—Dallas Apr. 15, 2014) (not designated for publication).

On rehearing, however, the court of appeals agreed with the State's argument that an implied finding was appropriate. The court of appeals noted that appellant had never argued that the mail-fraud conviction ran concurrently with the sentence imposed in appellant's credit-card-abuse case.  Rather, appellant had entered a plea of guilty, signed a judicial

confession, and pleaded true to both enhancement paragraphs. And, in contrast to its original opinion, the court of appeals attached no significance to the trial court's oral statement that no finding was being made regarding appellant's mail-fraud conviction because the trial court had previously accepted appellant's plea of true to that enhancement provision. Instead, the court of appeals attached significance to the trial court's assessment of punishments consistent with an implied finding of true on the mail-fraud enhancement paragraph. *Donaldson v. State*, Nos. 05–13–00598/599/600/601/602–CR, 2014 WL 2532300, at *4 (Tex. App.—Dallas June 4, 2014) (not designated for publication). From this holding, we granted review.

## Law

The state-jail felonies in this case were punishable under TEX. PENAL CODE § 12.35(a), which provides that "an individual adjudged guilty of a state-jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." The penalty for a repeat or habitual felony offender on trial for a state-jail felony is governed, in this case, by TEX. PENAL CODE § 12.425 (b), which reads as follows:

> If it is shown on the trial of a state-jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state-jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

Section 12.425 does not contain any provision that allows enhancement–of the state-jail-

felony convictions at issue in this case–with only one prior felony conviction. TEX. PENAL CODE ANN. § 12.425 (West 2013).

Under Texas law, a probated sentence is not "final" for purposes of enhancement until that probation is revoked. *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). A probated sentence that has been served successfully is not available for enhancement purposes without specific statutory authorization. *See e.g. Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007) (upholding use of Delaware conviction for enhancement purposes even though deferred-adjudication probation had not been revoked because Texas Penal Code section 12.42(g)(1) provides an exception to the general rule that probation must be revoked before a conviction can be used for enhancement). Section 12.425 does not contain any statutory exception allowing enhancement through the use of conviction resulting in an un-revoked probation. TEX. PENAL CODE ANN. § 12.425 (West 2013). When there is no evidence to show that the enhancement offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under the State's habitual-offender statutes. *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008).

The State has the burden of proof to show that any prior conviction used to enhance a sentence was final under the law and that the defendant was the person previously convicted of that offense. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). We have held that when a defendant pleads "not true" to an enhancement paragraph, the fact-finder must decide whether the State has sustained its burden by entering a finding that the

enhancement allegation is either true or not true. *Jordan*, 256 S.W.3d at 291. A plea of "true" will satisfy the State's burden of proof. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). Additionally, when the defendant enters a plea of "true" as part of a plea-bargain agreement, an appellate court can imply a finding of true when such a finding is affirmatively reflected in the record without an express finding of "true" by the trial court. *Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976) ("It is true that the court did not make an express finding as it should have as to the prior conviction, but it is obvious from what has been said that the court found from the undisputed evidence that there was a prior conviction and with the agreement of the parties assessed punishment as a second degree felony. The judgment and sentence are accordingly reformed to reflect enhancement of punishment by virtue of a prior conviction.").

In a "habitual" case, the State also carries the burden of proving that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Jordan*, 256 S.W.3d at 291. We have held that the language of some of the habitual-offender statutes ("shall be punished") dictates their mandatory operation. *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993). That is, once a finding of true as to the enhancement paragraphs has been made, "the punishment is absolutely fixed by law." *See Harvey*, 611 S.W.2d at 111. But even when a defendant pleads true to an enhancement, he may still challenge the use of the prior conviction on

appeal when the record affirmatively reflects that the enhancement itself is improper. *Rich*, 194 S.W.3d at 513.

## Analysis

The trial court did not make any affirmative findings of "true" regarding the federal mail-fraud conviction in these cases. After being admonished on the enhancements, appellant pleaded true, and the trial court sentenced her within a proper punishment range for appellant's second- and third-degree convictions. However, the trial court also sentenced appellant within the enhanced punishment range in the two state-jail-felony cases. Under *Harvey*, appellant's pleas of true would be sufficient to satisfy the State's burden of proof for the enhancement allegations. Moreover, those pleas would support an implied finding in the absence of any other evidence that the trial court rejected the State's proof on the enhancement or that enhancement would be improper. *See e.g. Almand*, 536 S.W.2d at 379; *Rich*, 194 S.W.3d at 513.

But implying a finding that the trial court found the enhancement allegation true is not appropriate in this case. The trial court expressly stated it was not making a finding of true, and it sentenced appellant within a proper range of punishment in her other three convictions. Moreover, the trial court expressed its concern throughout the plea hearing that it could not use the federal mail-fraud conviction as a basis for enhancement. Under Texas law, the mail-fraud conviction would not be considered final for purposes of enhancement because appellant committed the subsequent offense prior to the revocation of the appellant's

probation on the mail-fraud case. *Langley*, 833 S.W.2d 141, 143. But under federal law, appellant's mail-fraud conviction was final for purposes of enhancement upon issuance of the mandate from appellant's federal appeal. 18 U.S.C.A. §3562 (West 2013); *see also Skillern v. State*, 890 S.W.2d 849, 883 (Tex. App.–Austin 1994, pet. ref'd.) (noting that a suspended or probated sentence is regarded as a final conviction for purposes of enhancement under federal law). The trial court's confusion regarding his ability to use the federal conviction for purposes of enhancement supports the conclusion that the trial court did not intend to find the prior enhancement true, particularly in light of the express refusal to find the mail-fraud enhancement true in any of appellant's cases, even if the refusal was based on a mistake of law.[2]

The trial court was within its discretion to reject a finding of true on the prior mail-fraud conviction. However, it lacked the authority to assess punishment outside the statutory range for a state jail felony once it refused to find the prior mail-fraud enhancement allegation true. Because the trial court imposed punishment for the state-jail felonies outside the maximum range of punishment, those sentences are illegal. *Mizell*, 119 S.W.3d at 806. We reverse the judgment of the court of appeals, and remand this case to the trial court for

---

[2] We have held that the lack of a finding does not bar use of that prior-conviction in a retrial as to punishment if a trial court's refusal to make a finding regarding a prior-conviction enhancement was based upon a mistake of law. *State v. Wooldridge*, 237 S.W.3d 714, 718 (Tex. Crim. App. 2007). But we have not been asked in this case to determine whether the trial court's refusal to make an enhancement finding was due to a decision of law or of fact. Rather, we have been asked to determine only whether the court of appeals could infer a trial court's finding of true, not why the trial court did not make such a finding. Consequently, we need not address in this opinion whether the State should be afforded a second opportunity on remand to present its proof of appellant's mail-fraud conviction.

a new punishment hearing on those two counts.

Delivered: December 16, 2015

Publish