

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00025-CR

_____

DEVION FAULKNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR03094

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Devion Faulkner pled guilty to family violence assault with a previous conviction for family violence assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.). Pursuant to his plea of "true" to the State's punishment enhancement allegation, the trial court sentenced Faulkner to twelve years' imprisonment and ordered him to pay $290.00 in court costs and $185.00 in reimbursement fees.

On appeal, Faulkner argues that (1) the evidence is insufficient to support the trial court's finding that he was previously convicted of family violence assault, (2) the evidence is insufficient to support the trial court's finding of "true" to the State's punishment enhancement allegation, (3) the trial court erred by ordering him to pay a $25.00 drug court fee, and (4) the trial court erred by ordering him to pay a $15.00 time payment reimbursement fee. We find that sufficient evidence supported the trial court's finding that Falkner was previously convicted of family violence assault. We also find that sufficient evidence proved the State's punishment enhancement allegation and that the $25.00 drug court fee was proper. However, because we sustain Faulkner's issue that the time payment fee was improperly assessed, we modify the trial court's judgment by deleting that fee. As modified, we affirm the trial court's judgment.

## I. Sufficient Evidence Supports the Finding that Faulkner Was Previously Convicted of Family Violence Assault

Family violence assault is a third-degree felony if the defendant has a prior conviction for family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). In its indictment, the State alleged that Faulkner

> intentionally, knowingly, or recklessly cause[d] bodily injury to Summer Jackson, a member of the defendant's family, as described by Section 71.003 of the Texas Family Code, by striking Summer Jackson in the face, and before the commission of the charged offense, the defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the defendant's family . . . namely on the 10th day of June, 2011, in the County Court at Law Number Two/Three of Bell County, Texas in cause number 2C1104233.

In open court, Faulkner pled guilty to the offense as alleged in the State's indictment, including that he previously committed an assaultive offense against a family member. Even so, in his first point of error, Faulkner argues that, because there was no judicial confession to the truth and correctness of the prior conviction allegation in the indictment, there is insufficient evidence to show that he was previously "convicted of a prior qualifying family violence offense."[1]

A judgment of conviction may not be rendered in a felony case based on a plea of guilty "without sufficient evidence to support the same." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (quoting TEX. CODE CRIM. PROC. ANN. art. 1.15). Article 1.15 requires that the defendant's guilt be established by "evidence in addition to, and independent of, the plea itself." *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee*, 287 S.W.3d at 14). A plea of guilty to the charges in the indictment is not equivalent to "confessing to the truth and correctness of the indictment." *Menefee*, 287 S.W.3d at 15. That said, the evidence that will support a guilty plea may take many forms. *Id.* at 13.

Without objection, the State introduced a judgment revoking community supervision that showed that Faulkner was convicted in cause number 2C1104233 in the County Court at Law

---

[1]Because the record shows that the State presented ample testimony to support its allegation that Faulkner committed family violence assault against Jackson, Faulkner does not argue that the evidence was insufficient to support the main offense.

Number "Two/Three" in Bell County, Texas, for "ASSAULT CAUSES BOLDILY INJURY F." Faulkner argues that "the judgment offered by the State reflected a conviction for assault, but not that it was against a family member." But a review of the record shows that this argument lacks merit and that the evidence is indeed sufficient to show that Faulkner's prior offense was against a family member.

The information in cause number 2C1104233 alleged that Faulkner had "intentionally, knowingly and recklessly caused bodily injury to **Sharena Jones**, a family member and a household member of the Defendant's, by striking **her** on and about the head and face and body." The judgment from this cause shows that Faulkner pled guilty to all the allegations in the indictment, including the allegation that the assault was committed against a family member. Also, Faulkner, who chose to testify at trial, admitted that he assaulted Jones and that his community supervision was revoked after another assault against her while they were "still seeing each other."[2]

Because we find that sufficient evidence supported the trial court's finding that Faulkner was previously convicted of family violence assault as alleged in the State's indictment, we overrule Faulkner's first point of error.

## II.     Sufficient Evidence Proved the State's Punishment Enhancement Allegation

The State's punishment enhancement allegation alleged that on February 21, 2012, "in cause number 68,672 in the 426TH District Court of Bell County, Texas, the defendant was convicted of the felony offense of Assault Family/Household Member Enhanced." Without

---

[2]When the State began to cross-examine Faulkner about this prior offense, Faulkner's counsel argued that he had stipulated to the conviction in cause number 2C1104233.

4

objection, the State introduced a judgment revoking community supervision in cause number 68,672 from the 426th Judicial District Court of Bell County showing that Faulkner's community supervision was revoked on February 21, 2012, for "ASSAULT FAMILY/HOUSEHOLD-MEMBER ENHANCED," a third-degree felony.[3]

Faulkner argues that that judgment was insufficient because it "reflected a revocation of community supervision rather than the underlying conviction." Yet, when a trial court revokes community supervision, it adjudicates a defendant's guilt of the underlying offense unless it has already previously done so. Because the judgment revoking community supervision showed that Faulkner was sentenced to six years' imprisonment for the offense of assault family violence, and Faulkner testified that he went to prison in February 2012, it is obvious that he was convicted of the offense of "ASSAULT FAMILY/HOUSEHOLD-MEMBER ENHANCED."[4] As a result, we overrule Faulkner's second point of error.

## III. The Specialty Court Fee Was Properly Imposed

The trial court's judgment and bill of costs includes a $25.00 "specialty court (drug crt)" fee. In his fourth point of error, Faulkner argues that that fee does not apply because he was not convicted of a drug offense. We disagree.

Section 134.101 of the Texas Local Government Code assesses an additional $105.00 fee for persons convicted of felonies. TEX. LOC. GOV'T CODE ANN. § 134.101(a). Section 134.101(b) requires that the $105.00 fee be allocated to six different accounts or funds in

---

[3]Faulkner "stipulated as to the [prior] convictions" at trial.

[4]Without any supporting authority, Faulkner also mistakenly argues that a judgment revoking community supervision is not a final judgment. *See Donaldson v. State*, 476 S.W.3d 433, 438 (Tex. Crim. App. 2015) (a probated sentence is final for purposes of enhancement once revoked).

5

specified percentages. TEX. LOC. GOV'T CODE ANN. § 134.101(b). Pursuant to Section 134.101(b), the bill of costs shows the following allocations: (1) $40.00 to the clerk of the court account, (2) $25.00 to the county records management and preservation fund, (3) $1.00 the county jury fund, (4) $10.00 to the courthouse security fund, (5) $4.00 to the county and district court technology fund, and (6) $25.00 to the county specialty court account. *See id.* Because the $25.00 "specialty court (drug crt)" fee was authorized by Section 134.101(b)(6), we overrule Faulkner's fourth point of error. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(b)(6).

## IV. The Time Payment Fee Must Be Deleted

The trial court's judgment and bill of costs includes a $15.00 time payment reimbursement fee. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030. In his third point of error, Faulkner argues that this reimbursement fee is prematurely assessed. The State concedes the issue.

The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

6

Pursuant to *Dulin*, we sustain Faulkner's third issue and strike the $15.00 time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, [or] court costs" owed. *Dulin*, 620 S.W.3d at 133.

## V.   Conclusion

We modify the bill of costs and judgment by deleting the time payment fee and to reflect that the amount of reimbursement fees owed is $170.00.  As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:      June 22, 2022
Date Decided:        June 30, 2022

Do Not Publish

7