# NO. 12-21-00109-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LLOYD OTHA CONLEY, JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Lloyd Otha Conley, Jr. "guilty" of the state jail felony offense of theft under $2,500, enhanced to a second degree felony by two prior felony convictions. Appellant pleaded "true" to the enhancement allegations in the indictment, and his punishment was assessed at confinement for nine years. In two issues, Appellant challenges the sufficiency of the evidence to prove the proper sequence of the two felony convictions alleged for enhancement and contends that the trial court erroneously assessed court costs. We modify and affirm in part and reverse and remand in part for a new trial on punishment.

## BACKGROUND

Wal-Mart surveillance footage on July 16, 2019 showed Appellant taking an iPhone and charger from a shopping cart that an assistant manager had stepped away from during a "zone check." The stolen items belonged to the assistant manager. Appellant testified that he never intended to keep or sell the phone. However, he returned it only when the police called.

Appellant was charged with theft of the iPhone and pink charger of a value less than $2,500. Appellant had at least two prior theft convictions, and the offense was elevated to that of a state jail felony.[1] The indictment further alleged that Appellant had previously been convicted

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(2)(4)(D) (West 2019).

of two felonies, and the second previous felony conviction was for an offense that occurred after the first prior conviction became final. Therefore, Appellant was a habitual offender and upon conviction would receive the punishment provided for a second degree felony.[2] The enhancement paragraphs alleged as follows:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 11th day of December, 2000, in cause number 007-0424-00 in the 7th Judicial District Court of Smith County, Texas, the defendant was convicted of the felony offense of Obtaining a Controlled Substance by Fraud;

> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 007-0424-00 was final, the defendant committed the felony offense of Obtaining a Controlled Substance by Fraud and was convicted on the 12th day of January 2001, in cause number A-9970 in the 173rd Judicial District Court of Henderson County, Texas.

Appellant pleaded "true" to both enhancement paragraphs.

The jury subsequently found Appellant "guilty" of theft and assessed his punishment at nine years of imprisonment. This appeal followed.

### CHRONOLOGICAL SEQUENCE

Appellant, in his first issue, contends that the record affirmatively shows that the State failed to prove the required chronological sequence of his prior convictions alleged in the indictment. The State concedes that the record shows that the second prior offense alleged was committed before the conviction in the first offense was final. Therefore, the State failed to prove the requisite chronological sequence alleged in the indictment. But the State argues that, at trial, Appellant invited error by pleading true to the enhancement allegations, acknowledging that he would be punished in the second degree felony range, and approving charge instructions that reflected his plea. Therefore, the State argues that the relief requested should be denied under the invited error doctrine. The State also contends that Appellant was not harmed by the error.

### Applicable Law

A state jail felony may be punished as a second degree felony based on two prior felony convictions if the State can prove the following sequence of events:

1) the first felony conviction becomes final,

---

[2] *Id.* § 12.425(b) (West 2019).

2

2) the defendant commits a felony offense leading to a later conviction,
3) the later felony conviction became final, and
4) the defendant subsequently committed the offense for which he presently stands accused.

*Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008); *see* TEX. PENAL CODE ANN. § 12.425(b) (West 2019). A defendant's punishment may not be enhanced under the habitual offender statute if there is no evidence to show the alleged prior felony offenses were committed, and became final convictions in the sequence required by statute. *Jordan*, 256 S.W.3d at 291.

Generally, a defendant's plea of "true" to an enhancement paragraph relieves the State of its burden to prove the enhancement allegations, and he cannot complain on appeal about the sufficiency of the evidence supporting the enhancements. *Hopkins v. State*, 487 S.W.3d 583, 586 (Tex. Crim. App. 2016); *Mikel v. State*, 167 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, if the record "affirmatively reflects" the enhancement was improper, the conviction cannot be used despite the "true" plea. *Ex parte Rich*, 194 S.W.3d 508, 513-14 (Tex. Crim. App. 2006); *see Hopkins*, 487 S.W.3d at 586.

A probated sentence is not considered a final conviction for enhancement purposes unless and until that probation has been revoked and any appeal of the revocation has been resolved. *Donaldson v. State*, 476 S.W.3d 433, 438 (Tex. Crim. App. 2015); *see Stevenson v. State*, 499 S.W.3d 842, 849 (Tex. Crim. App. 2016). A harm analysis is not appropriate where the state fails to show that an enhancement conviction was final before commission of the primary offense. *Jordan*, 256 S.W.3d at 291. Absent "discrete, objective facts decided by a jury in assessing punishment, there is no way to quantify what impact the unsupported finding of true had on the jury's normative sentencing function." *Id*. at 293. Therefore, under these circumstances, the State's failure to meet its burden of proof can never be deemed harmless. *Id*.

## Analysis

The judgments of conviction entered in the record affirmatively reflect that Appellant committed the second offense alleged for enhancement on June 10, 2000 while still on probation for the first conviction. The first conviction did not become final until the revocation of his probation on December 11, 2000. *See Donaldson*, 476 S.W.3d at 438. Therefore, the evidence introduced at the punishment stage of the trial conclusively shows that the evidence is legally insufficient to prove the allegations in the second enhancement paragraph of the indictment.

Although the State concedes that the second enhancement paragraph cannot be true, the State argues that the Appellant is precluded from challenging the sufficiency of the evidence

supporting the enhancement paragraph, because he invited error by pleading true and by failing to object to the jury charge. The State insists this was a trial tactic to minimize the jury's scrutiny of his criminal record. The tactic, the State argues, conformed to Appellant's trial strategy of openly acknowledging his checkered past in order to bolster his testimony that he mended his ways, and did not intend to keep the iPhone. The State cited no case, and we found none, wherein an appellant was denied relief in this context based on "invited error." In Texas, the defendant does not forfeit his claim to challenge his illegal sentence by pleading "true" to the enhancement paragraphs if "the record affirmatively reflects" that the enhancement is improper. *See Rich*, 194 S.W.3d at 513; *see also Hopkins*, 487 S.W.3d at 586.

The State contends that Appellant was not harmed. In *Jordan*, the court of criminal appeals reasoned that there is no way to quantify what impact an unsupported finding of true had on the jury's sentencing function. *Jordan*, 256 S.W.3d at 293. Therefore, even if the State's failure to prove the chronological sequence of the enhancement allegations were subject to a harm analysis, such a deficiency will never be considered harmless. *Id*. at 292.

Nevertheless, the State contends that because it proved up other felony convictions that might have been used to support enhancement of the punishment range to that of a second degree felony, a harm analysis is appropriate. The State argues that nothing in the *Jordan* opinion suggests that Jordan had other felony convictions that could have been used to satisfy the penal code's chronological sequencing requirement. Another difference the State identifies between the two cases is that Jordan pleaded "not true" whereas Appellant pleaded "true." *Id*. at 288.

The State compares this case to *Parrott v. State*, 396 S.W.3d 531 (Tex. Crim. App. 2013). Parrott pleaded guilty to a third degree felony enhanced to a second degree felony by a prior state jail felony conviction. *Parrott*, 396 S.W.3d at 533. He entered into a plea agreement with an agreed sentence of fifteen years in prison and waived his appeal. *Id*. at 533, n. 1. After the dismissal of his appeal, Parrott filed for a writ of habeas corpus. *Id*. He correctly contended that the State could not use a state jail felony to enhance a third degree felony to one of the second degree; therefore, his fifteen year sentence was illegal because it exceeded the ten year maximum for third degree felony convictions. *Id*. The State's habeas evidence established that Parrott had three previous convictions, all of which could have been used to enhance his punishment. *Id*. at 534. Thus, his sentence was within the range of punishment supported by his criminal history,

and Parrott could not show harm. *Id*. at 536-37. The State argues that Appellant, like Parrott, cannot demonstrate harm because his criminal history also supports the sentence he received.

However, the holding in ***Parrott***, a habeas proceeding, is not applicable to this direct appeal. The ***Parrott*** court explained that among the procedural differences between direct appeal and habeas corpus is that, in habeas corpus, the defendant has the burden to demonstrate harm. *See id.* at 534-35 n.6. Contrary to the rule in habeas cases, a long line of cases hold that, on direct appeal, sufficiency error is not subject to a harm analysis. ***Jordan***, 256 S.W.3d at 291; *see generally* ***Fletcher v. State***, 214 S.W.3d 5, 8-9 (Tex. Crim. App. 2007); *see* ***Russell v. State***, 790 S.W.2d 655, 656 (Tex. Crim. App. 1990); *see also* ***Scott v. State***, 553 S.W.2d 361, 364 (Tex. Crim. App. 1977).

Since ***Brooks v. State***, prior convictions used as enhancements need not be pled in the indictment "although it is permissible and perhaps preferable to do so." ***Brooks v. State***, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). However, "prior convictions used as enhancements must be pled in some form." *Id*. Although the State might have pleaded that it intended to use another of Appellant's prior convictions for enhancement, it did not do so. We conclude that the resolution of this case is governed by the Texas Court of Criminal Appeals' explicit holding in ***Jordan***. A harm analysis is inappropriate when, as here, the evidence is insufficient to support the enhancement allegations. Therefore, we sustain Appellant's first issue.

## COURT COSTS

In his second issue, Appellant contends the trial court improperly assessed a Local Consolidated Fee on Conviction of Felony in the total amount of $105.00 authorized by the local government code. *See* TEX. LOCAL GOV'T CODE ANN. 134.101 (West 2021). We agree. This fee only applies to offenses committed on or after its effective date of January 1, 2020. *Id*. Appellant committed the offense for which he was convicted on July 16, 2019. The State concedes the Local Consolidated Fee on Conviction of a Felony was erroneously assessed. The $105.00 in costs assessed as a Local Consolidated Fee on Conviction of a Felony is itemized as follows: $40.00 Clerk of the Court, $25.00 County Records Management and Preservation, $1.00 County Jury Fund, $10.00 Courthouse Security Fund, $4.00 County and District Court Technology Fund, and $25.00 County Special Court Account. We will modify the trial court's judgment and Order to Withdraw Funds to delete these fees.

The Bill of Costs also includes a time payment fee of $15.00.  Both the Appellant and the State agree this fee was prematurely assessed.  In ***Dulin v. State***, the court of criminal appeals struck a time payment fee "for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for purposes of the time payment fee."  620 S.W.3d 129, 129 (Tex. Crim. App. 2021).  The code of criminal procedure mandates the assessment of a Time Payment Reimbursement Fee if the person convicted fails to pay any part of his fine, court costs, restitution, or other reimbursement fee "on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee."  TEX. CODE CRIM. PROC. ANN. § 102.030 (West Supp. 2021).  Since the imposition of the time payment fee is premature until thirty days after the resolution of an appeal, the time payment fee assessed herein must be struck.

Appellant's second issue is sustained.

## DISPOSITION

We ***modify*** the trial court's judgment, bill of costs, and order to withdraw funds to delete the $105.00 in costs erroneously assessed as a local consolidated fee on conviction of a felony. We delete the time payment fee without prejudice to its later assessment, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes.  We ***reverse*** that portion of the judgment assessing punishment and ***remand*** the case to the trial court for a new punishment hearing.  *See **Jordan***, 256 S.W.3d at 293; ***Bledsoe v. State***, 480 S.W.3d 638, 642 (Tex. App.—Texarkana 2015, pet. ref'd).  In all other respects, the judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00109-CR**

**LLOYD OTHA CONLEY, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1585-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and order to withdraw funds of the court below should be modified in part and remanded to the trial court for a new trial on punishment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below, bill of costs, and order to withdraw funds be **modified** to delete the $105.00 in costs erroneously assessed as a local consolidated fee on conviction of a felony, and delete the time payment fee without prejudice to its later assessment, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes. It is further ORDERED, ADJUDGED and DECREED that this cause is **remanded** to the trial court for a **new trial on punishment**; in all other respects, the judgment is **affirmed as modified**; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*