# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00464-CR

---

**Francisco Rodriguez Martinez[1], Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2016-345, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Francisco Rodriguez Martinez[1] was convicted of evading arrest with a vehicle and sentenced as a habitual offender to thirty-five years' confinement. *See* Tex. Penal Code §§ 12.42(d), 38.04(a). In a single issue on appeal, appellant contends that the evidence admitted at the punishment phase of trial was legally insufficient to support the jury's finding that he was a habitual offender. We affirm the trial court's judgment of conviction.

## BACKGROUND

Appellant was indicted for the third-degree felony offense of evading arrest in a vehicle. *See id.* § 38.04(b)(2)(A) (stating that offense under section 38.04 is third-degree felony

---

[1]  We use the name given for appellant in his judgment of conviction. Appellant maintained in the court below that his name "does not include Rodriguez" and "has always been Francisco Martinez." Notably, defense counsel stated that the confusion had not "affected identity in any way on any of the evidence" in this matter.

if "the actor uses a vehicle while the actor is in flight"). A jury found appellant guilty of the charged offense, and he elected to have the jury assess punishment.

Before trial, the State had filed without objection notice of its intent to enhance appellant's punishment range under subsection 12.42(d), which provides:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

*Id.* § 12.42(d).

The State's notice alleged that appellant had previously been finally convicted of seven felonies in Florida.[2] Owing to the convictions' alleged dates of finality, however, the parties agreed that although findings of "true" to any of the first six allegations would enhance appellant to a punishment range of two-to-twenty years, only a finding of "true" to the seventh allegation would enhance him to habitual-offender status, increasing the available punishment range to twenty-five-years-to-life.

Through defense counsel, appellant pleaded "true" to the first six enhancement allegations and "not true" to the seventh, which alleged a May 2000 conviction for third-degree grand theft in cause number CR99-566. *See* Fla. Stat. § 812.014(2)(c) (2000). The trial court admitted without objection the judgment of conviction in cause number CR99-566 and judicially noticed the Florida statute under which appellant was convicted. Defense counsel conceded that

---

[2] The State noticed that it was abandoning the eight enhancement paragraphs in the indictment and would "rely upon, go forward with, and seek to prove at trial the enhancement allegations contained in this notice instead."

appellant is "the person who is in . . . that paperwork" and informed the court that appellant was challenging only his conviction's finality.

In relevant part, the parties' closing arguments during the punishment phase of trial concerned whether the judgment of conviction in cause number CR99-566 reflected that appellant had been placed on probation, rendering the conviction non-final. The State emphasized that the judgment recited that appellant had been sentenced to ten months' confinement in jail, that there was no indication the sentence had been suspended, that no period of probation was specified, and that none of the fields indicating various probation conditions were checked. Conversely, defense counsel underscored that defendants who are placed on probation are still given an underlying sentence, that the judgment form listed standard terms of probation, and that the field next to "Probation" was checked on the judgment's fourth page. The State responded that the standard terms were "surplusage," that the Florida court had used a "stock form," and that the check mark next to "Probation" indicated only that the county's probation office had been provided with a copy of the judgment.

The jury found that the seventh enhancement allegation was "true" and assessed appellant's punishment at thirty-five years' confinement. The trial court sentenced appellant to the assessed punishment, and this appeal followed.

## DISCUSSION

In his only issue, appellant contends that the punishment-phase evidence was legally insufficient to support the jury's finding that his conviction in cause number CR99-566 was final. He asserts that the judgment form reflected that he was placed on probation, which had not been revoked when he was sentenced in the present case. The State replies that appellant

3

failed to overcome the presumption of finality and that, at best, there was "*an absence of evidence that the conviction **was not** final*." Alternatively, the State raises a single issue in cross-appeal, arguing that the trial court's non-statutory instruction on the finality of convictions in the punishment charge was an improper comment on the weight of the evidence. *See* Tex. Code Crim. Proc. art. 44.01(c) (authorizing State to appeal "a ruling on a question of law if the defendant is convicted in the case and appeals the judgment").

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). In a "habitual" case, the State must also prove that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Donaldson v. State*, 476 S.W.3d 433, 439 (Tex. Crim. App. 2015). Without sufficient evidence that the enhancement offenses became final in the proper sequence, the defendant's sentence may not be enhanced under a habitual-offender statute. *Id.* at 438–39. Affirmative evidence of a plea of "true" will satisfy the State's burden of proving an enhancement allegation. *Wood v. State*, 486 S.W.3d 583, 587–88 (Tex. Crim. App. 2016). Without such evidence, "we require the State to prove the allegation beyond a reasonable doubt." *Id.* at 588. Prima facie evidence of an enhancement conviction creates a presumption that the conviction is final in the face of silent record on the question. *See Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007); *see also Johnson v. State*, 583 S.W.2d 399, 403 (Tex. Crim. App. 1979) (judgment and sentence constitute prima facie evidence of prior conviction). "Once the State introduces such prima facie evidence of a final conviction, the defense has the burden of proving that the conviction was not final." *Johnson*, 583 S.W.2d at 403.

4

The trier of fact "weighs the credibility of each piece of evidence" and is "allowed to consider all the evidence from each source to determine whether the State has met its burden to prove the enhancement allegation." *Wood*, 486 S.W.3d at 588–89. In reviewing the sufficiency of the evidence to support a finding that an enhancement is "true," we consider all the evidence in the light most favorable to the trier of fact's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Id.* at 589; *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020).

The determination of whether a defendant has been "finally convicted" for enhancement purposes under section 12.42 is to be made in accordance with Texas law. *Ex parte Pue*, 552 S.W.3d 226, 235 (Tex. Crim. App. 2018). "Under Texas law, a probated sentence is not 'final' for purposes of enhancement until that probation is revoked." *Donaldson*, 476 S.W.3d at 438. "A probated sentence that has been served successfully is not available for enhancement purposes without specific statutory authorization." *Id.*

The judgment of conviction in cause number CR99-566 recited that appellant was sentenced to "<u>10</u> <u>months</u> **OCJ** [Osceola County Jail]." The fields indicating that his sentence had been suspended or that "special conditions of release" had been imposed were not checked:

5

A rational juror could have concluded from this that appellant was not placed on probation but was instead sentenced to a term of confinement in county jail.

Moreover, we agree with the State that a rational juror could have concluded that much of the judgment's language concerning probation was "stock" language not applicable in every case. The "standard terms of probation" listed on the third page of the judgment are seemingly of this character. As the State noted, no conditions of probation were checked on appellant's judgment. More importantly, the portion of the judgment where it appears that the trial court would have specified the counts for which probation had been given and the period of probation assessed are blank:



PROBATION:    As to counts _____
_____ State Probation _____ mo/yr; C.C.1 _____ mo/yr; C.C.2 _____ mo/yr; County Probation _____ mo/yr
You must immediately report, in person, or the next working day, or upon release from confinement to the DOC Probation Office at 1601 North Bermuda Avenue, Kissimmee Florida 34741 if on State Probation or the County Probation Office at 110 W. Drury Avenue, Kissimmee Florida 34741 if on County Probation.
_____ Drug Offender Probation: Monthly drug testing, at own expense, treatment & counseling.

A rational juror could further have concluded that the individuals and entities listed on the judgment's fourth page were merely those that were provided copies of the judgment:

Such an understanding would, as the State argued, have explained the inclusion of newspapers in the list. It would also reconcile the presence of "Probation" with "SO/Jail" and "Jail Detail."

6

Appellant does not assert that the checkmark next to "SO/Jail" signified that he was to serve a period of confinement in jail.

Although appellant argues that we should accept the interpretation of the judgment advanced by defense counsel at trial, to do so would not comport with our obligation to consider the evidence in the light most favorable to the jury's finding that the seventh enhancement allegation was "true." *See Wood*, 486 S.W.3d at 589. Viewing the evidence in the record in that light, we conclude that a rational juror could have found beyond a reasonable doubt that appellant's conviction in cause number CR99-566 was final. *See id.*; *Donaldson*, 476 S.W.3d at 439. Accordingly, we overrule appellant's only issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment of conviction.[3]

---

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: July 9, 2025

Do Not Publish

---

[3] Because we affirm appellant's conviction, we need not consider the State's issue on cross-appeal. *See Pfeiffer v. State*, 363 S.W.3d 594, 604 (Tex. Crim. App. 2012); Tex. R. App. P. 47.1.